# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| MICAH JACQUEMIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-418 CAS |
| CITY OF WOODSON TERRACE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a second amended complaint. Plaintiff seeks leave to add a claim of individual liability against defendant Lawrence Besmer. Defendants oppose the motion, arguing the deadline to amend, as set forth in the Case Management Order ("CMO"), has passed.

Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, Fed. R. Civ. P. 16(b)'s good-cause standard applies, not the standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)."'The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006); see also Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment). While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, prejudice is not considered if the movant has not been diligent in meeting the scheduling order's deadlines. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). See also Sherman, 532 F.3d at 716-17 (district court erred in permitting the defendant to amend its

answer more than seventeen months after the established deadline for amending pleadings, where the defendant was not diligent and had knowledge of the defense long before it sought leave); Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005) (affirming the district court's denial of leave to amend the plaintiffs' complaint under Rule 16(b) because the plaintiffs had eight months to request an amendment of the scheduling order and 'knew of the claims they sought to add when they filed the original complaint').

Here, plaintiff states that it was his intention that defendant Besmer be sued in his individual capacity when he filed his amended complaint in state court last February. Plaintiff's second amended complaint, however, was silent as to what capacity he was suing defendant Besmer. Under Eighth Circuit law, the silence would indicate plaintiff is bringing his claim against defendant Besmer in his official capacity only. Baker v. Chisom, 501 F.3d 920, 923-24 (8th Cir. 2007) ("[b]ecause [plaintiff's] amended complaint does not specifically name the defendants in their individual capacities, we presume that he sued them only in their official capacities."). After the deadline to amend in the CMO passed, defendant Besmer moved for summary judgment on the basis that he was being sued in his official capacity. On August 31, 2012, plaintiff responded that he was suing defendant Besmer in his individual capacity. Plaintiff, however, did not move to amend his complaint. Defendant Besmer filed his reply on September 14, 2012, and eleven days later, on September 25, 2012, plaintiff moved to amend his complaint, "in an effort to avoid confusion" and "to simply clarify that Lawrence Besmer was unambiguously added as an individual party defendant . . ." Doc. 42 at 3. Plaintiff's motion for leave to amend was filed approximately eighty (80) days after the deadline to amend had expired, and sixty (60) days after defendant Besmer's motion for summary judgment was filed.

This case presents a close call as to whether plaintiff meets the good cause standard of Rule

16(b). Plaintiff's counsel's actions have not been the model of diligence, but they have not been entirely derelict, like most counsel in the controlling case law. Plaintiff was put on notice that his amended complaint did not meet the pleading standard for individual liability when defendant Besmer filed his motion for summary judgment. Nonetheless, plaintiff filed a response memorandum and then waited twenty-five (25) days to file his motion to amend. On the other hand, plaintiff did not wait months and months and let the discovery deadline pass. In light of the fact that discovery does not close not until next January, and plaintiff is not adding a new defendant or a claim based on an entirely new set of alleged facts, the Court will exercise its discretion and reluctantly allow plaintiff leave to amend his complaint to add a claim of individual liability against defendant Besmer.[1] That said, plaintiff's counsel are warned that they must be more attentive to the deadlines in the CMO, as the Court will not be so forgiving in the future.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a second amended complaint is **GRANTED.** Plaintiff shall file his second amended complaint on or before **Wednesday, October 17, 2012.** Defendants shall file their answers to the second amended complaint within the time permitted by the Federal Rules. [Doc. 40]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __16th__ day of October, 2012.

---

[1] The Court cannot docket the proposed second amended complaint that was attached to plaintiff's motion because it is a red-lined copy. The Court will allow plaintiff two days to file his second amended complaint.